UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEWAYNE ROBINSON,　　　　　　　　　　　　CASE NO.: 8:24-cv-1329

     PLAINTIFF,

V.

ISLAND HOUSE ASSOCIATION INC.
D/B/A ISLAND BEACH RESORT,

    DEFENDANTS.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, DEWAYNE ROBINSON ("Plaintiff"), by and through his undersigned counsel and sues the Defendant, ISLAND HOUSE ASSOCIATION INC. D/B/A ISLAND BEACH RESORT ("Defendant") and states as follows:

1. This action is brought by the Plaintiff under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq ("FLSA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff in Sarasota County, Florida, where the Defendant maintains their resort property in the Middle District of Florida.

4. The Defendant is a Florida Not For Profit Corporation authorized to conduct business in the State of Florida and conducts business in Sarasota County, Florida, where the Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

5. The Plaintiff has retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm reasonable attorney's fees for its services.

6. The Plaintiff performed work constituting engagement in interstate or foreign commerce, or the production of goods for interstate commerce and/or a closely related process or occupation directly essential to such production.

7. At all times pertinent to this Complaint, the Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

8. The Defendant had two or more employees during the relevant time period.

9. The annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

**GENERAL ALLEGATIONS**

10. The Plaintiff began working for the Defendant both as an office worker and laundry worker in March of 2021.

11. During Plaintiff's work as an office worker, he was as an employee with an hourly wage of $18.00 per hour.

12. During Plaintiff's work as a laundry worker, he was classified as an independent contractor and paid a piece rate per laundry completed.

13. Plaintiff worked more than forty hours per week during this time period between the office worker position and the laundry worker position.

14. Plaintiff was misclassified as an independent contractor during his work as a laundry worker.

15. In March of 2023, Plaintiff was promoted to Assistant Rental Manager.

16. As Assistant Rental Manager, Plaintiff was classified as an employee and paid a weekly salary.

17. Plaintiff worked more than forty hours per week while he was employed as Assistant Rental Manager.

## COUNT I: VIOLATION OF 29 U.S.C. § 207 (OVERTIME)

18. The Plaintiff realleges Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. The Plaintiff was employed by the Defendant between May 1, 2021 and March 4, 2024.

20. The Plaintiff worked overtime hours.

21. Defendant failed to pay Plaintiff overtime.

22. Between May 1, 2021 and February 2023, the Plaintiff estimates that he worked an average of sixty-four hours per week. Plaintiff estimates that he is entitled to $17,496.36 in overtime during this time period.

23. Between March 2023 and May 4, 2024, the Plaintiff estimates that he worked approximately sixty-five hours per week. Plaintiff estimates that he is entitled to $20,423.00 in overtime during this time period.

24. These calculations are subject to change as discovery is necessary to identify a more specific number based upon various factors.

25. Defendant willfully violated the Fair Labor Standards Act.

   **WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

   (a) declaring that Defendant, violated the overtime provisions of 29 U.S.C. § 207;

   (b) awarding the Plaintiff $37,919.36 in overtime wages;

   (c) awarding the Plaintiff $37,919.36 in liquidated damages;

   (d) awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   (e) awarding the Plaintiff pre-judgment interest; and

   (f) ordering any other and further relief, this Court deems to be just and proper.

## JURY DEMAND

26. The Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 31, 2024

Respectfully submitted,

By: <u>*Frank M. Malatesta*</u>
FRANK M. MALATESTA, ESQ.
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256 - 3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*

5